IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.
                                        Case No. 4:00cr46-RH
                                        Case No. 4:05cv445-RH/WCS

**LEONARD CHARLES BROWN,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION TO DENY RULE 60(b)(6) MOTION

This cause is before the court on Defendant's motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). Doc. 114. Defendant seeks relief from the judgment of September 21, 2004, denying his 28 U.S.C. § 2255 motion. Doc. 88 (judgment). Adopting the report and recommendation of the undersigned, doc. 84, over Defendant's objections, doc. 85, the § 2255 motion was denied. Doc. 87.

The report and recommendation addressed, *inter alia*, counsel's alleged ineffectiveness in failing to request a hearing on the motion to suppress, and Defendant's claim that, by the time the falsity of the affidavit became apparent at trial, it was too late to request a hearing under <u>Franks v. Delaware</u>, 438 U.S. 154, 156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978). Doc. 84, pp. 1-2. Defendant had asserted

that the testimony of Eugene Reed contradicted claims of law enforcement, and of Government witnesses Charles Bright and Clarence Harrison.  *Id.*, pp. 2-4.  As noted by the undersigned, the fact that Reed's testimony was contradictory did not make the testimony of Bright or Harrison false.  *Id.*, p. 4.

In his objections, Defendant argued that Bright's veracity could have been challenged in a <u>Franks</u> hearing.  Doc. 85, pp. 1-2.  Defendant argued that the jury found the testimony of Bright and Harrison untrue by acquitting Defendant of counts one and two, so Defendant was entitled to a <u>Franks</u> hearing, and this claim should have been raised on direct appeal.  *Id.*, pp. 2-5.

The report and recommendation was adopted over Defendant's objections.  Doc. 88.  Defendant filed a motion to alter or amend the judgment, asking for reconsideration of denial of the § 2255 motion, and again asserting entitlement to a <u>Franks</u> hearing.  Doc. 90.  Defendant asserted that the court had overlooked his claim of deliberate falsity by the affiant, Agent Desmond, as Defendant was not observed by any surveillance agents.  *Id.*, p. 2.  The motion was denied.  Doc. 91.

On appeal, a certificate of appealability and leave to appeal in forma pauperis were denied by this court and the Eleventh Circuit.  Docs. 95, 100, 107, and 111.

In his current motion, Defendant contends that a Rule 60 motion is not considered second or successive "so long as it attacks only the nonmerits aspects of the court's decision."  Doc. 114, p. 2, *citing* <u>Gonzalez v. Crosby</u>, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).  Defendant seeks relief from the prior ruling regarding his ineffective assistance of counsel claim for failing to request a hearing on the motion to suppress.  *Id.*  He claims that the undersigned erroneously relied on the testimony of

Charles Bright rather than the affidavit of Agent Erin Desmond. *Id.* Defendant claims that he could have shown that Desmond intentionally or recklessly included false statements in applying for the search warrant, and that Desmond's statements were contradicted by evidence presented at trial, but counsel failed to request a Franks hearing. *Id.*, pp. 2-4. Defendant "concludes that his counsel's failure to request a Franks hearing clearly denied him the effective assistance of counsel and this Court's misplacement of his argument, in his § 2255 motion, caused him to be denied entitled to relief." *Id.*, p. 4.

The Gonzalez case, cited by Defendant as allowing this Rule 60(b) motion, was before the Court in the context of a Rule 60(b)(6) motion seeking relief from dismissal of a 28 U.S.C. § 2254 habeas corpus petition as untimely. 545 U.S. at __, 125 S.Ct. at 2645. Relief under Rule 60(b)(6) was appropriate, it was argued, because a Supreme Court opinion issued after the district court's ruling demonstrated that it was in error. *Id.*[1] Because the Rule 60(b) motion challenged *only* the prior ruling on the statute of limitations, it was not the equivalent of a second or successive petition. *Id.*, at 2650. Even so, and assuming that the district court's determination of untimeliness was incorrect, the Court found no "extraordinary circumstances" to justify relief under Rule 60(b)(6). *Id.*

A purported Rule 60(b) motion containing one or more "claims" for relief from the judgment of conviction, on the other hand, is in substance a successive petition and

---

[1] Relief was denied to Petitioner Gonzalez and the Eleventh Circuit denied a certificate of appealability on April 6, 2000. 545 U.S. at __, 125 S.Ct. at 2645. The following November the Court issued its opinion in Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), on which Gonzalez relied in his Rule 60 motion. *Id.*

should be treated accordingly.  125 S.Ct. at 2647 (applying this rationale in the context of a Rule 60(b) motion seeking relief from a § 2254 judgment) (citations omitted).[2]  A motion which adds a new ground for relief presents a "claim," as does a motion presenting new evidence, or a purported change in substantive law.  *Id.*, at 2647-48.

> A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.*, at 2648 (footnote omitted, emphasis by the Court).

Defendant Brown here attacks the previous resolution of his § 2255 motion on the merits, and his Rule 60 motion should be treated as a second or successive § 2255 motion.  He must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  *See also* Hubbard v. Campbell, 379 F.3d 1245, 1246 (11th Cir.), *cert. denied*, 125 S.Ct. 15

---

[2] The Eleventh Circuit's opinion had addressed claims brought by two § 2254 petitioners (Gonzalez and Mobley) and one § 2255 movant (Lazo), and found no material difference between §§ 2254 and 2255 for purposes of Rule 60.  Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004) ("[w]hat we say in this opinion about certificates of appealability and Rule 60(b) motions as they relate to § 2254 proceedings applies equally to § 2255 proceedings, and vice versa.").  Certiorari was granted only as to Gonzalez, and the Supreme Court expressly limited its opinion to the application of Rule 60 in habeas proceedings under 28 U.S.C. § 2254.  Gonzalez, 125 S.Ct. at 2646, n. 3.  Under the original Gonzalez opinion, the rationale should apply equally in § 2255 proceedings.  *See also* United States v. Terrell, 141 Fed. Appx. 849, 851, 2005 WL 1672122, at *2 (11th Cir. 2005) (nonprecedential) (though Gonzalez was decided in § 2254 context, "we believe that its holding and rational apply equally to § 2255 . . . .").

Case Nos. 4:00cr46-RH and 4:05cv445-RH/WCS

(2004) (district court lacked jurisdiction to entertain second or successive petition, where petitioner had not obtained authorization for filing it).

It is therefore respectfully **RECOMMENDED** that Defendant's motion for relief from judgment pursuant to Rule 60(b), doc. 114, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 5, 2006.

  S/     William C. Sherrill, Jr.  
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case Nos. 4:00cr46-RH and 4:05cv445-RH/WCS